1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JOSEPH D. OLVERA, et al.,

                       Plaintiffs,

     v.

R. TUCKER, et al.,

                     Defendants.

NO:  12-CV-3015-TOR

ORDER GRANTING PARTIAL SUMMARY JUDMENT

      BEFORE THE COURT are Defendant Michael Hisey's Motion for Summary Judgment (ECF No. 6) and Plaintiff Joseph Olvera's "Request for Judicial Notice of Adjudicative Facts on Return of Service" (ECF No. 26).  These matters were heard without oral argument on June 11, 2012.  The Court has reviewed the motions, the responses, and the replies, and is fully informed.

BACKGROUND

      This is an excessive force lawsuit arising from injuries allegedly sustained by Plaintiff Joseph Olvera during his in-home arrest for possession with intent to

ORDER GRANTING PARTIAL SUMMARY JUDGMENT ~ 1

distribute a controlled substance.  Mr. Olvera alleges that his wrists were injured

during his arrest as a result of being restrained in handcuffs that were either too

small or applied too tightly.  Mr. Olvera's family members allege that they suffered

emotional trauma from witnessing Mr. Olvera being restrained and arrested.

Defendant Michael Hisey ("Hisey") seeks summary judgment on the ground that

Plaintiffs failed to file their claims within the applicable three-year statute of

limitations.

FACTS

Plaintiff Joseph Olvera was arrested in his home on October 23, 2007,

pursuant to an arrest warrant for possession of a controlled substance with intent to

distribute.  During his arrest, Mr. Olvera was placed in handcuffs in the presence of

his immediate family members, Plaintiffs Maria L. Olvera (wife), Maria G. Olvera

(mother-in-law), Tina Olvera (adult daughter), and Esperanza Lopez.[1]  According

to Mr. Olvera, the handcuffs in which he was restrained were either too small or

applied too tightly, causing severe injuries to his wrists.

---

[1] The Amended Complaint lists Plaintiff Joseph Olvera's relationship to Esparanza

Lopez as that of a "parental figure."  ECF No. 1-1 at ¶ 3.60.  The Amended

Complaint does not, however, specify whether Plaintiff Esperanza Lopez is an

adult or a minor child.

ORDER GRANTING PARTIAL SUMMARY JUDGMENT ~ 2

1    Shortly after his arrest, Mr. Olvera was booked into the Yakima County Jail

2    and charged with possession of heroin with intent to distribute.  He was later

3    released from jail on March 27, 2008, pending resolution of his criminal charges.

4    Mr. Olvera remained out on bail until October 15, 2009, when he was sentenced to

5    60 months in prison.  On October 21, 2009, Mr. Olvera was transferred from the

6    Yakima County Jail to the Washington State Department of Corrections to serve

7    his sentence.

8    On September 27, 2010, Plaintiffs filed a tort claim against Defendants with

9    the Washington State Office of Financial Management, Risk Management

10    Division.  This claim was subsequently denied.

11    On April 13, 2011, Plaintiffs sued Defendants in Yakima County Superior

12    Court.  Plaintiffs later filed an Amended Complaint on January 17, 2012.  ECF No.

13    1-1.  On February 6, 2012, two men left a copy of the summons and complaint

14    with a secretary at the Washington Department of Corrections' Toppenish Field

15    Office.  The Washington State Attorney General's Office received a copy of the

16    summons and complaint via certified mail on February 10, 2012.

17                                    DISCUSSION

18    **A. Statute of Limitations**

19    The statute of limitations on a § 1983 claim in the State of Washington is

20    three years.  RCW 4.16.080(2); *RK Ventures, Inc., v. City of Seattle*, 307 F.3d

1045, 1058 (9th Cir. 2002).  This same three-year statute of limitations applies to state law causes of action "for any other injury to the person or rights of another not hereinafter enumerated," which includes personal injuries arising from another party's negligence.  RCW 4.16.080(2).

Washington law provides for tolling of the statute of limitations under certain circumstances.  Four such tolling provisions are relevant to the claims raised in this case.  First, the statute of limitations is tolled while a person is "imprisoned on a criminal charge prior to sentencing."  RCW 4.16.190(1).  Second, the limitations period is tolled until a potential plaintiff reaches age eighteen.  RCW 4.16.190(1).  Third, the statute is tolled for sixty days following the filing of a tort claim with the State of Washington.  RCW 4.92.110.  Finally, the statute of limitations on a claim is tolled once a lawsuit is commenced by filing a complaint, provided that service of the complaint is perfected on at least one defendant within 90 days of the date on which the complaint was filed.  RCW 4.16.170.

Here, Hisey contends that the three-year statute of limitations on the claims of Plaintiffs Maria L. Olvera, Maria G. Olvera, Tina Olvera, and Esperanza Lopez expired prior to the filing of Plaintiff's original complaint on April 13, 2011.  The court finds that the statute of limitations as to the claims of Plaintiffs Maria L.

Olvera, Maria G. Olvera, and Tina Olvera expired on December 22, 2010.[2]  As

Hisey correctly notes, the only applicable tolling period as to these claims is the

sixty day period beginning on September 27, 2010, when the Olveras filed their

tort claim with the State of Washington.  Accordingly, these claims must be

dismissed as untimely filed.

      As to Esperanza Lopez, however, the court finds that the statute of

limitations applicable to her claim may have been tolled due to infancy.  *See* RCW

4.16.190(1).  As noted above, Plaintiffs' Amended Complaint does not specify

whether Ms. Lopez was a minor or an adult on the date of Mr. Olvera's arrest.

Without knowing Ms. Lopez's age as of October 23, 2007, the court cannot

calculate the applicable statute of limitations period.  Accordingly, Hisey's motion

to dismiss this claim is denied with leave to renew.

      Hisey also challenges Mr. Olvera's claims as untimely filed.  According to

Hisey, the statute of limitations was tolled for (1) a period of 156 days to account

for Mr. Olvera's pre-sentencing incarceration from October 23, 2007 to March 27,

---

[2] December 22, 2010 is sixty days after October 23, 2010.  To account for the
sixty-day tolling period beginning on September 27, 2010, when the Olveras filed
their tort claim with the state of Washington, the court added sixty days to the date
on which these claims would have otherwise expired (October 23, 2010).

ORDER GRANTING PARTIAL SUMMARY JUDGMENT ~ 5

2008; and (2) a period of 60 days beginning when the Olveras filed their tort claim with the State of Washington.  Thus, according to Hisey, the statute of limitations on Mr. Olvera's claims expired on May 27, 2011.[3]

Hisey concedes that Mr. Olvera's filed a timely complaint on April 13, 2011, some six weeks before the statute of limitations expired.  Nevertheless, Hisey maintains that the claim is now time-barred because Mr. Olvera failed to serve the complaint on at least one defendant within 90 days of the date on which it was filed.  In other words, Hisey contends that the filing of Mr. Olvera's original complaint on April 13, 2011 did *not* toll the statute of limitations because Mr. Olvera missed the 90-day deadline for tolling set forth in RCW 4.16.170.

The court finds that Hisey's analysis of the statute of limitations on Mr. Olvera's claim is correct.  Given that Mr. Olvera did not serve at least one defendant within 90 days of April 13, 2011, the statute of limitations was never tolled by the filing of the original complaint:

> For the purpose of tolling any statute of limitations[,] an action shall be deemed commenced when the complaint is filed or summons is served[,] whichever occurs first.  If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint.  If . . . following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.

---

[3] May 27, 2011 is 216 days after October 23, 2010.

ORDER GRANTING PARTIAL SUMMARY JUDGMENT ~ 6

RCW 4.16.170.  Thus, Mr. Olvera's failure to serve at least one defendant within 90 days of April 13, 2011, resulted in the May 27, 2011 statute of limitations remaining in effect.  By the time that the Olveras filed their amended complaint on January 17, 2012, the statute of limitations on Mr. Olvera's claim had already expired.  Accordingly, this claim will be dismissed as untimely filed.

**B. Motion for Judicial Notice**

Plaintiff Joseph Olvera has filed a document captioned "Plaintiff's Request for Judicial Notice of Adjudicative Facts on Return of Service Pursuant to FRE 201, et seq.," as well as several declarations in support of this request.  See ECF Nos. 26-29.  In these documents, Mr. Olvera essentially asks the court to recognize his attempts to serve the Amended Complaint on Defendants and to set a case scheduling order.  In light of the court's ruling on the statute of limitations issue above—and the Defendants collective agreement to waive service of process—the court finds that Mr. Olvera's efforts to serve the untimely-filed Amended Complaint in February and March of 2012 are irrelevant.  Accordingly, the court denies Mr. Olvera's request for judicial notice as moot.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant Michael Hisey's Motion for Summary Judgment (ECF No. 6) is **GRANTED** in part and **DENIED** in part.  The claims of Plaintiffs

1   Joseph D. Olvera, Maria L. Olvera, Maria G. Olvera, and Tina Olvera

2   against Michael Hisey are hereby **DISMISSED**.

3   2.  Plaintiff Joseph D. Olvera's Request for Judicial Notice of Adjudicative

4   Facts on Return of Service (ECF No. 26) is **DENIED** as moot.

5   The District Court Executive is hereby directed to enter this Order and

6   provide copies to counsel.

7   **DATED** this 3rd day of July, 2012.

8   *s/ Thomas O. Rice*

9   THOMAS O. RICE
United States District Judge

10

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING PARTIAL SUMMARY JUDGMENT ~ 8