UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH D. OLVERA, et al., | NO:  12-CV-3015-TOR |
| Plaintiffs, | |
| v. | ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION |
| R. TUCKER, et al., | |
| Defendants. | |

BEFORE THE COURT is Plaintiff's Motion to Reconsider (ECF No. 37). This matter was heard without oral argument on August 14, 2012.  The Court has reviewed the motion, the response, and the reply, and is fully informed.

PROCEDURAL HISTORY

On July 3, 2012, the court granted summary judgment in favor of Defendant Michael Hiesy against Plaintiffs Joseph D. Olvera, Maria L. Olvera, Maria G. Olvera, and Tina Olvera on statute of limitations grounds.  ECF No. 36.  The court declined to enter summary judgment against Plaintiff Esperanza Lopez because it could not determine her age at the time of Mr. Olvera's arrest on October 23, 2007.

ORDER DENYING RECONSIDERATION ~ 1

ECF No. 36 at 5.  On July 11, 2012, Plaintiffs[1] filed a document entitled

"Plaintiff's Objections to Partial Summary Judgment as to Defendant Michael

Hisey and Motion to Reconsider Pursuant to F.R.C.P. 59 on Grounds for Appeal."

ECF No. 37.

DISCUSSION

Mr. Olvera argues that the court erred in entering summary judgment in

favor of Defendant Hisey on statute of limitations grounds.  The gravamen of this

argument appears to be that Defendant Hisey forfeited any statute of limitations

defense by agreeing to waive service of process of the amended complaint.  *See*

ECF No. 37 at 3-4.

Unfortunately for Mr. Olvera, there is no authority for the proposition that

agreeing to waive service of process results in a categorical waiver of an

affirmative statute of limitations defense.  Had Defendant Hisey agreed to waive

service of process within ninety (90) days of the date on which the *original*

complaint was filed (April 13, 2011), he would not have been able to assert a

---

[1] Plaintiff Joseph Olvera purports to file this motion on behalf of himself and the

other Plaintiffs.  Because Mr. Olvera is proceeding *pro se*, however, he may only

represent his own interests.  *Cato v. United States*, 70 F.3d 1103, 1105 n. 1 (9th

Cir. 1995) ("[A] non-attorney may appear only in her own behalf.").  Accordingly,

the court will entertain the motion only as it pertains to Mr. Olvera.

ORDER DENYING RECONSIDERATION ~ 2

statute of limitations defense.  Given that Mr. Olvera missed the ninety-day service of process window, however, the statute of limitations on his claim continued to run.  RCW 4.16.170.  By the time Mr. Olvera filed his amended complaint on January 17, 2012, the three-year statute of limitations had expired.  The fact that Defendant Hisey ultimately agreed to accept service of *this* complaint is irrelevant.  Accordingly, Mr. Olvera's motion for reconsideration is denied.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Joseph Olvera's Motion to Reconsider (ECF No. 37) is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 15th day of August, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge