UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH D. OLVERA et al.,<br><br>                    Plaintiff,<br><br>     v.<br><br>R. TUCKER, et al.,<br><br>                    Defendants. | NO:  12-CV-3015-TOR<br><br>ORDER GRANTING SUMMARY JUDMENT |

BEFORE THE COURT are Defendant Eric Horbatko's Motion for Summary Judgment (ECF No. 45) and Defendant Michael Hisey's Motion for Summary Judgment Re: Claims of Esperanza Lopez (ECF No. 56).  These motions were heard without oral argument on October 3, 2012.[1] The Court has reviewed

---

[1] The Court delayed hearing these motions until 50 days expired from service upon the pro se plaintiffs.

ORDER GRANTING SUMMARY JUDGMENT ~ 1

the motions, the response (ECF No. 75), the reply (ECF No. 78), and the record and files herein, and is fully informed.

## BACKGROUND

This is an excessive force lawsuit arising from injuries allegedly sustained by Plaintiff Joseph Olvera during an in-home arrest.[2] Mr. Olvera alleges that his wrists were injured during the arrest as a result of being restrained in handcuffs that were either too small or applied too tightly. Mr. Olvera's family members have alleged emotional injuries stemming from witnessing Mr. Olvera being restrained and arrested. The Court previously dismissed the claims of Plaintiffs Joseph Olvera, Maria L. Olvera, Maria G. Olvera, and Tina Olvera against Defendant Michael Hisey on statute of limitations grounds. ECF No. 36. The Court now dismisses the only remaining claim against Defendant Hisey, as well as all claims against Defendant Eric Horbatko.

## SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant summary judgment in favor of a moving party who demonstrates "that there is no

---

[2] The facts surrounding Mr. Olvera's arrest are set forth in the Court's July 3, 2012 Order Granting Partial Summary Judgment (ECF No. 36) and are incorporated herein by reference.

ORDER GRANTING SUMMARY JUDGMENT ~ 2

genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A dispute over any such fact is "genuine" only where there is sufficient evidence from which a reasonable jury could find in favor of the non-moving party. *Id.* at 248. When ruling on a summary judgment motion, a court construes the facts, as well as all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 327, 378 (2007).

## DISCUSSION

**A. Defendant Hisey's Renewed Motion for Summary Judgment**

The only remaining claim as to Defendant Hisey is that of Plaintiff Esperanza Lopez. Ms. Lopez's response to Defendant Hisey's renewed motion for summary judgment was due on September 17, 2012. LR 7.1(c)(1). As of today's date, Ms. Lopez has not filed a response.[3] Accordingly, pursuant to Local Rule

---

[3] Plaintiff Joseph Olvera filed a response to Defendant Erik Horbatko's motion for summary judgment in which he purports to speak for the other *pro se* plaintiffs. ECF No. 75. To the extent that this response is also intended as a response to

7.1(e), the Court will treat Ms. Lopez's failure to file a response as consent to the entry of an adverse order on the motion. LR 7.1(e) ("A failure to timely file a memorandum of points and authorities in support of or in opposition to any motion may be considered by the Court as consent on the part of the party failing to file such memorandum to the entry of an Order adverse to the party in default."). In addition, pursuant to Local Rule 56.1(b) and (d), the Court accepts the facts set forth in Defendant Hisey's statements of material facts (ECF No. 59) as admitted without controversy by virtue of Ms. Lopez's failure to expressly oppose them. LR 56.1(b), (d). In applying and enforcing these rules, the Court notes that Ms. Lopez was specifically advised of the consequences of failing to respond to a dispositive motion on two separate occasions. *See* ECF No. 54; ECF No. 65.

Defendant Hisey's renewed motion for summary judgment, Mr. Olvera, as a non-attorney, lacks authority to represent Ms. Lopez's interests and make arguments on her behalf. *Cato v. United States*, 70 F.3d 1103, 1105 n. 1 (9th Cir. 1995) ("[A] non-attorney may appear only in her own behalf."). The Court previously cautioned Mr. Olvera and the parties concerning this very issue. See ECF No. 66 at 2. Accordingly, the Court will not consider Mr. Olvera's response as it pertains to Ms. Lopez.

ORDER GRANTING SUMMARY JUDGMENT ~ 4

Accepting Defendant Hisey's facts as true, the Court finds that there are no genuine issues of material fact which would preclude an award of summary judgment in his favor. As the Court explained in its July 3 order, the dispositive issue for purposes of the instant motion is whether Ms. Lopez had reached the age of majority when Joseph Olvera was arrested on October 23, 2007. *See* ECF No. 36 at 4-5. Defendant Hisey has since come forward with uncontested evidence that Ms. Lopez was over the age of eighteen on October 23, 2007. *See* ECF No. 60. Accordingly, the statute of limitations on Ms. Lopez's claim was not tolled for any period due to infancy (*see* RCW 4.16.190(1)), and therefore expired on December 22, 2010. ECF No. 36 at 5. Because Ms. Lopez did not file this lawsuit until April 12, 2011, her claim must be dismissed as untimely filed.

**B. Defendant Horbatko's Motion for Summary Judgment**

Defendant Horbatko has moved for summary judgment on the grounds that (1) Plaintiffs failed to file a mandatory notice of tort claim with his employer, the City of Wapato, pursuant to RCW 4.96.020 prior to filing this lawsuit; (2) Plaintiffs failed to file this lawsuit within the three-year statute of limitations applicable to a § 1983 claim in the State of Washington; and (3) Plaintiff Joseph Olvera's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Defendant Horbatko has offered uncontested evidence that Plaintiffs did not file a notice of tort claim with the City of Wapato prior to filing this lawsuit.

Although Plaintiffs filed a notice of tort claim with the Washington State Office of Financial Risk Management on September 27, 2010 (*see* ECF No. 11-1), they apparently did not file a similar notice with the City of Wapato.  Because Defendant Horbatko was a City of Wapato Police Officer when the events at issue occurred, Plaintiffs were obligated to file a notice of tort claim with the City of Wapato prior to asserting state[4] causes of action against Defendant Horbatko.  RCW 4.96.020.  The notice of tort claim filed with the Office of Financial Risk Management was insufficient to satisfy this requirement, as the State of Washington and the City of Wapato are separate governmental entities with separate notice of tort claim requirements.  *Compare* RCW 4.92.100 (describing pre-suit notice requirements for lawsuits against the State of Washington's officers, employees, or volunteers) *with* RCW 4.96.020 (describing pre-suit notice requirements for lawsuits against local governmental entities and their officers, employees or volunteers).  The proper remedy for failure to comply with RCW 4.96.020's procedural requirements is dismissal of the lawsuit.  *Hintz v. Kitsap*

---

[4] Washington's notice of claim statutes do not apply to § 1983 claims filed in federal court.  *Joshua v. Newell*, 871 F.2d 884, 886 (9th Cir. 1989).  The statutory notice requirements do, however, apply to supplemental state law claims.  *Aarlie v. Akins*, 2007 WL 1412757 (E.D. Wash. 2007) (unpublished).

ORDER GRANTING SUMMARY JUDGMENT ~ 6

*Cnty.*, 92 Wash. App. 10, 14 (1998).  Accordingly, Plaintiffs' state law claims for negligence, intentional infliction of emotional distress, and invasion of privacy must be dismissed.

With regard to Plaintiffs' § 1983 claims against Defendant Horbatko, the Court finds that Plaintiffs failed to file their claims within the three-year statute of limitations.  As discussed above and in the Court's prior order granting partial summary judgment in favor of Defendant Hisey (ECF No. 36), the statute of limitations on the claims of Plaintiffs Maria L. Olvera, Maria G. Olvera, Tina Olvera and Esperanza Lopez expired on December 22, 2010.[5]  Plaintiff Joseph Olvera's claim expired on May 27, 2011.  ECF No. 36 at 7.  Although Mr. Olvera continues to assert that any defects in his attempts to serve Defendant Horbatko were cured when Defendant Horbatko ultimately agreed to waive service of process (*see* ECF No. 75 at 8),[6] this argument is without merit.  *See* ECF No. 66 at

---

[5] Given that Plaintiffs did not file a notice of tort claim with the City of Wapato, they are arguably not entitled to the 60-day tolling period referenced in RCW 4.96.020(f)(4).  Accordingly, the statute of limitations on their claims against Defendant Horbatko likely expired sixty days earlier on October 23, 2010.

[6] Joseph Olvera filed an untimely response to Defendant Horbatko's motion on September 19, 2012.  ECF No. 75.  Despite the fact that the response was

ORDER GRANTING SUMMARY JUDGMENT ~ 7

2-3. Defendant Horbatko did not agree to waive service within 90 days of Plaintiffs filing their *original* complaint. Accordingly, the statute of limitations on Mr. Olvera's claim continued to run. By the time Plaintiffs filed their amended complaint on January 17, 2012, the three-year statute of limitations on Mr. Olvera's § 1983 claim had expired. Accordingly, Plaintiffs' § 1983 claims against Defendant Horbatko must be dismissed with prejudice as untimely filed.[7]

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant Michael Hisey's Motion for Summary Judgment Re: Claims of Esperanza Lopez (ECF No. 56) is **GRANTED**. Plaintiff Esperanza Lopez's claims against Defendant Hisey are **DISMISSED** with prejudice.

2. Defendant Eric Horbatko's Motion for Summary Judgment (ECF No. 45) is **GRANTED**. Plaintiffs' claims against Defendant Horbatko are **DISMISSED** with prejudice.

---

untimely, the Court has considered the response in its entirety—but only as it pertains to Mr. Olvera. See Footnote 2, *supra*.

[7] In light of this ruling, the Court will not address Defendant Horbatko's argument that Mr. Olvera's claim is barred by *Heck*.

The District Court Executive is hereby directed to enter this Order, enter judgment in favor of Defendants Horbatko and Hisey, and provide copies to Plaintiffs and defense counsel.

**DATED** this 3rd day of October, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge

ORDER GRANTING SUMMARY JUDGMENT ~ 9