UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JOSEPH D. OLVERA, et al.,

Plaintiffs,

v.

R. TUCKER, et al.,

Defendants.

NO: 12-CV-3015-TOR

ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS TUCKER AND STEADMAN

BEFORE THE COURT is a motion for summary judgment filed by Defendants R. Tucker and Matthew Steadman (ECF No. 111). This matter was heard without oral argument on February 19, 2013. The Court has reviewed the briefing and the record and files herein, and is fully informed.

BACKGROUND

This is an excessive force lawsuit arising from injuries allegedly sustained by *pro se* Plaintiff Joseph Olvera during an in-home arrest. Mr. Olvera alleges that his wrists were injured during the arrest as a result of being restrained in handcuffs that were either too small or applied too tightly. Mr. Olvera's family members, *pro*

*se* Plaintiffs Maria L. Olvera, Maria G. Olvera, Tina Olvera and Esperanza Lopez, have also asserted state-law causes of action arising from Mr. Olvera's arrest.

The Court previously dismissed all claims against Defendants Michael Hisey and Eric Horbatko on statute of limitations grounds. *See* ECF Nos. 36, 66, and 82. Defendants R. Tucker and Matthew Steadman now move for summary dismissal of the claims against them on identical grounds.

PROCEDURAL HISTORY

Plaintiffs originally filed this lawsuit in Yakima County Superior Court on April 13, 2011. The summons and complaint filed on that date were never served upon any of the Defendants. On January 17, 2012, Plaintiffs filed an amended complaint in Yakima County Superior Court. Defendants subsequently removed the case to this Court on February 12, 2012.

Defendant Hisey moved for summary judgment on April 20, 2012. ECF No. 6. The Court granted the motion in part on June 7, 2012, dismissing the claims of Plaintiffs Joseph Olvera, Maria L. Olvera, Maria G. Olvera, and Tina Olvera on statute of limitations grounds. ECF No. 36. The Court denied the motion with leave to renew as to Plaintiff Esperanza Lopez pending further development of the factual record. ECF No. 36 at 5. Plaintiff Joseph Olvera filed a motion to reconsider on June 11, 2012 (ECF No. 37), which the Court denied on August 15, 2012. ECF No. 66.

Defendant Horbatko filed a motion for summary judgment on June 30, 2012. ECF No. 45. Defendant Hisey renewed his motion for summary judgment as to the claims of Plaintiff Esperanza Lopez on August 14, 2012. ECF No. 56. The Court granted both motions in an order dated October 3, 2012, finding that the statute of limitations on Plaintiffs' claims (including those of Plaintiff Esperanza Lopez) had expired. ECF No. 82.

Defendants Tucker and Steadman filed the instant motion for summary judgment on December 28, 2012. ECF No. 111. Like their co-defendants, Defendants Tucker and Steadman seek summary dismissal of Plaintiffs' claims on statute of limitations grounds.

## FACTS

The facts giving rise to this lawsuit are set forth in detail in the Court's prior orders granting summary judgment in favor of Defendants Hisey and Horbatko. *See* ECF Nos. 36 and 82. Briefly, Plaintiff Joseph Olvera was arrested in his home on October 23, 2007, pursuant to an arrest warrant for possession of a controlled substance with intent to distribute. The arrest was witnessed by Mr. Olvera's family members, Plaintiffs Maria L. Olvera, Maria G. Olvera, Tina Olvera and Esperanza Lopez. Maria L. Olvera was also arrested and taken into custody for drug-related offenses on the same day.

Following his arrest, Mr. Olvera was booked in the Yakima County Jail and charged with a drug trafficking offense. He remained in jail from October 23, 2007, until March 27, 2008, when he was released pending resolution of his criminal case. Mr. Olvera was subsequently sentenced to 60 months in prison on October 15, 2009. He was taken into custody to begin his sentence on the same day. Maria L. Olvera was also charged with a drug trafficking offense. She remained in jail from October 23, 2007 to October 26, 2007, at which time she was released on bail.

In the instant lawsuit, Mr. Olvera alleges that he was injured during the arrest by handcuffs that were either too small for his wrists or were applied too tightly. His family members allege that they experienced emotional distress as a result of witnessing Mr. Olvera being arrested.

DISCUSSION

Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is "material" within the meaning of Rule 56(a) if it might affect the outcome of the

suit under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A dispute over any such fact is "genuine" where there is sufficient evidence from which a reasonable jury could find in favor of the non-moving party. *Id.* at 248. In ruling on a summary judgment motion, a court must construe the facts, as well as all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

The statute of limitations on Plaintiff Joseph Olvera's claim under 42 U.S.C. § 1983 is three years. *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9t Cir. 2002). This same limitations period applies to each of the Plaintiffs' state-law claims. RCW 4.16.080(2). The events giving rise to Plaintiffs' claims occurred on October 23, 2007. Thus, under Washington law, Plaintiffs were required to file the instant lawsuit on or before October 23, 2010. However, Plaintiffs did not file their initial complaint in Yakima County Superior Court until April 13, 2011. Accordingly, the only relevant question is whether the statute of limitations on Plaintiffs' claims was tolled long enough to render the filing of their claims timely.

The analysis of the state law claims asserted by Plaintiffs Maria L. Olvera, Maria G. Olvera, Tina Olvera and Esperanza Lopez is straightforward. The statute of limitations on these claims was tolled for sixty (60) days beginning on October 11, 2010, when Plaintiffs filed a tort claim form with Yakima County (*see* ECF No. 111-2 at 12). RCW 4.96.020(f)(4). Plaintiff Maria L. Olvera's claims were

also tolled for a period of three (3) days while she was jailed following her arrest on October 23, 2007. RCW 4.16.190(1). Accounting for these tolling periods, the claims of Plaintiffs Maria G. Olvera, Tina Olvera and Esperanza Lopez expired on December 22, 2010. Plaintiff Maria L. Olvera's claims expired on December 25, 2010. Because Plaintiffs did not file their initial complaint until April 13, 2011, these claims must be dismissed as untimely filed.

Plaintiff Joseph Olvera's § 1983 claim is equally straightforward. The statute of limitations on this claim was tolled from October 23, 2007 to March 27, 2008 (a period of 156 days) while Mr. Olvera was imprisoned prior to sentencing. RCW 4.16.190(1). Accounting for this 156-day tolling period, Mr. Olvera's § 1983 claim expired on March 27, 2011. Given that Mr. Olvera did not file this claim until April 13, 2011, the claim must be dismissed as untimely.

The analysis of Mr. Olvera's state law claims is somewhat more complex. As with Mr. Olvera's § 1983 claim, the statute of limitations on these claims was tolled for a period of 156 days while Mr. Olvera was incarcerated prior to sentencing. RCW 4.16.190(1). The limitations period was tolled for an additional sixty (60) days beginning on October 11, 2010, when Plaintiffs filed a tort claim form with Yakima County (*see* ECF No. 111-2 at 12). RCW 4.96.020(f)(4). Accounting for these tolling periods, the statute of limitations on Mr. Olvera's state

law claims expired on May 27, 2011. Accordingly, these claims were timely when they were initially filed in Yakima County Superior Court on April 13, 2011.

However, as the Court explained in its June 3, 2012 summary judgment order, Plaintiffs failed to serve their initial complaint on at least one Defendant within ninety (90) days of filing. As a result, the action was "deemed to not have been commenced," under Washington law. RCW 4.16.170; *see also O'Neill v. Farmers Ins. Co. of Wash.*, 124 Wash. App. 516, 523 (2004) ("Washington courts have repeatedly held that the filing of a complaint does not constitute the commencement of an action for purposes of tolling the statute of limitations. It is still necessary for the plaintiff to serve a defendant within ninety days of the date of filing in order for the commencement to be complete."). Consequently, the limitations period was not tolled by the filing of the initial complaint, RCW 4.16.170, and the May 27, 2011 expiration date remained in effect. By the time that Plaintiffs filed their amended complaint on January 17, 2012, the statute of limitations had already expired. Accordingly, Mr. Olvera's state law claims against Defendants Tucker and Steadman must be dismissed as untimely filed.

//

//

//

//

**ACCORDINGLY, IT IS HEREBY ORDERED:**

The motion for summary judgment filed by Defendants R. Tucker and Matthew Steadman (ECF No. 111) is **GRANTED**.

The District Court Executive is hereby directed to enter this Order, provide copies to counsel and Plaintiffs at their addresses of record, enter judgment in favor of Defendants Tucker and Steadman, and **CLOSE** the file.

**DATED** this 20th day of February, 2013.




THOMAS O. RICE
United States District Judge